Nannette DIXON and Carrie Humpherys, Plaintiffs and Appellants,

v.

William M. STODDARD and Darlene C. Stoddard, his wife, Defendants and Appellees.

Nannette DIXON and Carrie Humpherys, Plaintiffs and Appellees,

v.

William M. STODDARD and Darlene C. Stoddard, his wife, Defendants and Appellants.

Nos. 20198, 20210.

Supreme Court of Utah.

Nov. 8, 1988.

---

Richard C. Skeen, R. Stephen Marshall, Salt Lake City, for Nannette Dixon and Carrie Humpherys.

William M. Stoddard, Brigham City, pro se.

HOWE, Associate Chief Justice:

Plaintiffs appeal in case No. 20198 from a summary judgment granted them in this suit on a promissory note executed by defendants. They complain of the trial court's refusal to award them attorney fees incurred in the collection of the note. Defendants appeal in case No. 20210, seeking reversal of the summary judgment.

This matter is before us for the second time. On a previous appeal by plaintiffs, we remanded the case to the trial court for a new trial. *Dixon v. Stoddard*, 627 P.2d 83 (Utah 1981). We refer the reader to our opinion in that case for a full statement of the facts giving rise to this action. Briefly stated, the promissory note sued upon by plaintiffs was executed in blank as to any amount and delivered to Glen S. Humpherys in payment of certain drugstore merchandise which he sold to defendants in 1967. Humpherys died in 1975, and plaintiffs succeeded to the ownership of the note. While the note provided for its payment in full in twelve succeeding equal monthly installments, defendants paid varying smaller amounts until approximately six months after Humpherys' death, at which time they declined to make further payments. Suit was brought upon the note to collect an alleged balance of $12,693.81. Defendants raised numerous defenses, including that the note had not been filled in by Humpherys for the correct amount, which was to be determined by an inventory and valuation of Humpherys' drugstore merchandise, that defendants only agreed to purchase saleable merchandise, and that a substantial amount of the merchandise they received from Humpherys was unsaleable. At the trial, a jury returned a special verdict that the note had been fraudulently altered by Humpherys, and judgment was entered in favor of defendants. Plaintiffs appealed, and while that appeal was pending, they found the adding machine tape and certain other documents pertaining to the inventory. They moved for a new trial on the basis of newly discovered evidence, which motion the trial court denied.

On the previous appeal, this Court reversed the judgment, holding that the course of dealing between defendants and Humpherys and the payments by defendants for more than seven years without any objection until after Humpherys' death raised an estoppel against them and prevented them from asserting any defense, if any they had, when the only one who could contradict their statement was dead. The case was remanded to allow plaintiffs to present the newly discovered evidence concerning the inventory.

On remand, plaintiffs presented their new evidence by affidavit and made a motion for summary judgment. Relying on our previous decision, the trial court disallowed all defenses which defendants had raised to the promissory note and granted plaintiffs summary judgment, but declined to grant them attorney fees incurred in the collection of the note as provided for therein.

## I.

■ Before examining the merits, we consider a motion which has been filed by plaintiffs to dismiss defendants' appeal in case No. 20210 on the ground that it was not taken within one month after the entry of the summary judgment, as required by former rule 73(a), Utah Rules of Civil Procedure, which was then applicable but has since been superseded by rule 4(a), Rules of the Utah Supreme Court. Defendants counter that they were not required to file their notice of appeal within the one-month period inasmuch as their appeal constitutes a cross-appeal since plaintiffs had already timely filed an appeal from the summary judgment. Defendants, however, did not designate their appeal as a cross-appeal. They also failed to comply with the requirements of rule 74(b), Utah Rules of Civil Procedure, which provided that a party filing a cross-appeal should file a statement of the points on which he intended to rely. While defendants have not closely adhered to the above rules, under a liberal construction of former rule 73(a) (which we are directed to give under rule 1), defendants' appeal can be considered and treated as a timely filed cross-appeal. Further, we exercise our discretion not to dismiss the appeal although a statement of points required by rule 74(b) was not filed. Utah R.Civ.P. 73(*l*).

## II.

■ The summary judgment against defendants was properly granted. In our previous opinion, we held that as a matter of law, estoppel barred defendants from asserting any defense against plaintiffs' action for collection of the note. Estoppel had been pleaded by plaintiffs in the trial court in response to the numerous defenses against the note which defendants had raised. While defendants now seek to attack the applicability and soundness of estoppel under the facts, the law of this case is that defendants are estopped to assert any defense to the note. We note parenthetically that even if estoppel was not invoked, many of defendants' defenses would be barred by four- and six-year statutes of limitation which were also pleaded by plaintiffs in the trial court.

## III.

■ The promissory note provides: "In case this note is placed in the hands of an attorney for collection, with or without suit, we agree to pay a reasonable attorney's fee." Since plaintiffs prevailed in their suit on the note, the trial court erred in denying them their attorney fees. See *Management Services Corp. v. Development Associates*, 617 P.2d 406, 409 (Utah 1980), where this Court held that a provision for payment of attorney fees in a contract includes attorney fees incurred by the prevailing party on appeal as well as at trial if the action is brought to enforce the contract. That rule applies as well in this case, which is a suit on a promissory note.

We affirm the summary judgment and remand the case to the trial court for an award of reasonable attorney fees incurred by plaintiffs in this action.

HALL, C.J., and STEWART and DURHAM, JJ., concur.

ZIMMERMAN, J., concurs in the result.